**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DON NGUYEN, an individual; EVAN NGUYEN, an individual, MATTHEW NGUYEN, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> PACIFIC LIFE INSURANCE COMPANY, a Nebraska Corporation; DOES I-XXX; and ABC CORPORATIONS A-Z; inclusive. <br><br> Defendants. | Case No.:   2:22-cv-00449-ART-DJA |

**[PROPOSED] STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**
**AS AMENDED IN PARAGRAPH 5**

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, on this 21st day of October, 2022 by the United States District Court for the District of Nevada, it is **ORDERED**:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all written responses to discovery, and all deposition testimony and exhibits shall be subject to this Order concerning confidential information, as set forth below:

   (a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL"

- 4 -

only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, commercial or proprietary information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

(b)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or their counsel or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the above-captioned litigation in which the information or documents were disclosed (including appeals).

(d)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of

the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed with Court. Prior to filing any document identified as Confidential, the party that intends to file with the Court pleadings or other papers containing or referring to Confidential material shall notify the designating party at least ten (10) days prior to filing the designated document. The designating party will then make a good faith determination whether the document(s) meet the standard for sealing as set forth in the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than seven (7) days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than seven (7) days after receiving notice of the intended filing. The filing party shall take all reasonable steps to file documents as "Confidential" under seal and attach the declaration of the designating party to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record. In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

3. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

- 7 -

4.     Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5.     Return of Confidential Material at Conclusion of Litigation. The parties agree that, at conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned by the parties to the originating party or may be destroyed instead of being returned. ~~The Clerk of the Court may , but is not required, to return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals~~.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: October 21, 2022