# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Don Nguyen, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Pacific Life Insurance Company,<br><br>    Defendant. | Case No. 2:22-cv-00449-ART-DJA<br><br>**Order** |

  Before the Court is Defendant Pacific Life Insurance Company's motion to seal its response to Plaintiffs' motion for partial summary judgment. (ECF No. 38). Defendant moves to seal an unredacted version of its response and certain exhibits attached to that response. No party responded to the motion. Defendant also filed a letter[1] clarifying that it only seeks to seal certain pages of the deposition transcripts that it filed under seal. (ECF No. 39). Because the Court finds that Defendant has demonstrated compelling reasons to seal the documents at issue, the Court grants the motion to seal. Given Defendant's clarification that it only seeks to seal portions of the deposition transcripts, the Court will require Defendant to file redacted versions of those transcripts on the public docket.

**I. Discussion.**

  A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than

---

[1] The Court notes that, under Local Rule IA 7-1(b), an attorney must not send case-related correspondence, such as letters, to the Court because all communications with the Court must be styled as a motion, stipulation, or notice. The more appropriate method to correct a motion would have been to file an errata under Local Rule IC 2-2(h).

tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179). That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Finally, the failure of a party to file points and authorities in response to a motion constitutes a consent to the granting of the motion. LR 7-2(d).

The Court grants Defendant's motion to seal and will require Defendant to file redacted versions of the deposition transcripts identified in its letter on the public docket. As a preliminary matter, Defendant seeks to seal the unredacted version of its opposition to Plaintiffs' motion for summary judgment and exhibits thereto and thus the compelling reasons standard applies. Defendant explains that its claims handling material and underwriting review guidelines are used for determining premium rates to offer prospective insureds in a competitive industry. Defendant's exhibits D, E, F, T, X, Y, and Z are underwriting guidelines, claims processes, and claims department information. Exhibit 1 is a declaration discussing proprietary internal guidelines and procedures. And Exhibits AA, BB, CC, and DD are depositions that include portions discussing these proprietary internal guidelines and procedures. The Court finds that there are compelling reasons to seal the documents at issue. Additionally, no party responded to the motion, constituting their consent to the Court granting it. Given the Defendant's letter that only portions of Exhibits AA, BB, CC, and DD need to be sealed, the Court will require Defendant to file redacted versions of these transcripts on the public docket.

///

///

///

**IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No. 38) is **granted.**

**IT IS FURTHER ORDERED** that Defendant shall file redacted version of Exhibits AA, BB, CC, and DD on the public docket on or before **June 26, 2023.**

DATED: June 5, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE