UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Don Nguyen, Evan Nguyen, and Matthew Nguyen,<br><br>  Plaintiffs,<br><br>v.<br><br>Pacific Life Insurance Company,<br><br>  Defendant. | Case No. 2:22-cv-00449-ART-DJA<br><br>**Order** |

This is an insurance bad faith action arising out of decedent Tom Nguyen's life insurance policy through Defendant Pacific Life Insurance Company. Beneficiaries of the policy—Plaintiffs Don Nguyen, Evan Nguyen, and Matthew Nguyen—sue Defendant for damages, alleging claims for breach of insurance contract, breach of the duty of good faith and fair dealing, and statutory bad faith under Nevada law. Plaintiffs assert that Defendant looked for any reason to deny their claim to the policy after Tom Nguyen's death.

Defendant moves to seal an unredacted version of its motion for summary judgment and the exhibits thereto. (ECF No. 52). No party responded to the motion to seal. Because the Court finds that Defendant has demonstrated compelling reasons, it grants the motion to seal.

**I.   Background.**

Defendant seeks to seal exhibits to its motion for summary judgment and portions of its motion for summary judgment because those exhibits and those portions of the motion refer to its internal underwriting and claim review guidelines that it designated confidential. It explains that those documents are competitively sensitive and proprietary, that they are developed internally, and that they are not made publicly available. Defendant adds that the insurance business is very competitive and that its underwriting and claims handling documents are key to its business strategy. This means that, if competitors obtained the information contained in those documents,

Defendant would lose its competitive advantage. Defendant adds that these materials are the same that it previously moved to seal, which motion the Court granted. (ECF No. 45).

**II.     Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101. That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Failure to respond to a motion constitutes consent to the Court granting it under Local Rule 7-2(d).

Here, as a preliminary matter, the Court finds that the compelling reasons standard applies. The Court also finds that Defendant has met that standard. Additionally, no party has opposed the motion. However, while Defendant has filed a public version of its redacted motion for summary judgment, it has not filed public versions of the redacted exhibits.

Specifically, Exhibits D, E, F, and Y are redacted, but Defendant has nonetheless filed them under seal. Defendant must file the redacted versions of those exhibits on the public docket and unredacted versions of those exhibits under seal. Exhibits T, X, and Z are not redacted at all. Defendant must file redacted versions of these exhibits on the public docket. Exhibits AA, BB, CC, and DD have redaction outlines on them, but are not otherwise redacted. Defendant must file redacted versions of these exhibits on the public docket. Defendant also must file the remainder of the exhibits it did not seek to seal on the public docket.

**IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No. 52) is **granted**.  The motion for summary judgment and exhibits filed under seal at ECF No. 51 shall remain sealed.

**IT IS FURTHER ORDERED** that, on or before **October 13, 2023**, Defendant must file redacted versions of Exhibits D, E, F, T, X, Y, Z, AA, BB, CC, DD, and the remaining exhibits that Defendant does not seek to seal on the public docket.

**IT IS FURTHER ORDERED** that , on or before **October 13, 2023**, Defendant must file unredacted versions of Exhibits D, E, F, and Y under seal.

DATED: September 29, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE